IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **KAREN GEORGETTE CRAIG,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**SARAH DENNIS,** ***et al.*****,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:22-cv-00049-TES** |

## ORDER OF DISMISSAL

In her Response [Doc. 9] to the Court's Order to Show Cause [Doc. 8] regarding service in this case, pro se Plaintiff Karen Georgette Craig "certifies that she has complied with each and every requirement of [Federal Rule of Civil Procedure] 4 with nothing omitted." [Doc. 9, p. 2]. Plaintiff seeks to assert claims for violations of 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law)[1] against three individuals: Sarah Dennis, who allegedly works for Jones County Child Protective Services and Jana Wadell and Connie Bloodworth, who allegedly work

[1] Plaintiff enclosed full payment of the Court's filing fee at the time she mailed her Complaint [Doc 1] for filing; thus, it is not subject to screening under 28 U.S.C. § 1915(e)(2)(B). However, given that the dismissal of the claims set forth in her Complaint [Doc. 1] in this case is without prejudice, the Court pauses to note that "Title 18 generally does not create civil liability or a private right of action, and private parties may not maintain suit under most Title 18 provisions." *Curry v. Maldanado*, No. 1:21-cv-2083-TCB, 2021 WL 2559451, at *2 (N.D. Ga. June 8, 2021) (citation omitted). In other words, no private right of action lies for violations of 18 U.S.C. § 241 or 18 U.S.C. § 242. *Davis v. City of New York*, No. 5:21-cv-000156-TES, 2021 WL 1820645, at *3 (M.D. Ga. May 6, 2021).

for the Putnam County Division of Family and Children Services. [Doc. 1, p. 3]; *see also* [Doc. 1-2, p. 1]. From the face of Plaintiff's Complaint [Doc. 1] it appears that she seeks to sue Defendants Dennis, Wadell, and Bloodworth in their "individual positions"—or, in their individual capacities. [Doc. 1, p. 3 ("The defendants in this action, . . . in their individual positions, did willfully use their official positions in a blatant act of conspiracy . . . .")].

**A. <u>Service Requirements</u>**

"Generally, when a plaintiff is suing a state official in his [or her] individual capacity, service of process is governed by Federal Rule of Civil Procedure 4(e)." *Hudson v. Morris*, No. 4:20-cv-120, 2021 WL 2188571, at *2 (S.D. Ga. May 28, 2021). Rule 4(e)(2) provides that "an individual . . . may be served" by any one of the three following methods:

(1) by "delivering a copy of the summons and of the complaint to the individual personally;"

(2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or

(3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(e)(2). Rule 4(e)(1), however, permits a plaintiff to serve an individual by "following the law of the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Here, Georgia law provides the relevant statute: O.C.G.A. § 9-11-4(e)(7). Regarding personal service, O.C.G.A. § 9-11-4(e)(7) provides that

> [s]ervice shall be made by delivering a copy of the summons attached to a copy of the complaint . . . to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

As you can see, O.C.G.A. § 9-11-4(e)(7) "prescribes rules for service on an individual in much the same manner as [Rule] 4(e)(2)." *Hudson*, 2021 WL 2188571, at *3 (citing *Melton v. Wiley*, 262 F. App'x 921, 923 n.3 (11th Cir. 2008)).

**B. <u>Plaintiff's Service Efforts</u>**

Within her Response to the Court's Order to Show Cause regarding service, Plaintiff describes how she attempted service on each defendant. After unsuccessfully attempting personal service, Plaintiff states that she "mailed"—via Certified Mail—Defendant Dennis "[a] copy of her complaint with an attached waiver of the service of summons [*sic*] that was received and signed for on February 22, 2022[,]" to Defendant Dennis' place of employment. [Doc. 9, p. 2]; *see, e.g.*, [Doc. 9-2, p. 1]. As for Defendants Wadell and Bloodworth, Plaintiff states that she also attempted personal service on them, but later—also by Certified Mail—sent "each a copy of her complaint." [Doc. 9, p. 2]; *see, e.g.*, [Doc. 9-2, p. 1].

Neither Rule 4 nor Georgia law allows for service to be made by Certified Mail. *Swanson v. Georgia*, No. CV 101-020, 2022 WL 193726, at *2 (S.D. Ga. Jan. 20, 2022) (first citing *Thorpe v. Dumas*, 788 F. App'x 644, 647 (11th Cir. 2019) ("Rule 4 does not authorize service of process through the mail. Nor does Georgia law.") and then citing *Camp v.*

*Coweta Cnty.*, 625 S.E.2d 759 (Ga. 2006)). To be sure, Plaintiff states that she "did receive signed confirmation that all parties received the certified mail . . . in a timely manner." [Doc. 9-4, p. 1]. However, "[a] defendant's actual notice is not sufficient to cure defective[] . . . service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Despite her efforts, Plaintiff simply has not effectuated proper service "per Rule 4" on any defendant in this case, and it is subject to dismissal. *See* [Doc. 6].

**C. <u>Order of Dismissal</u>**

Finally, Federal Rule of Civil Procedure 4(m) permits the Court to extend the time within which a plaintiff may effectuate proper service upon a showing of "good cause." Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Although the Court has already extended the service deadline in this case once, Plaintiff imbeds another request for additional time within her filings in Response to the Court's Order to Show Cause, but she does not and cannot—based on her service efforts to date—satisfy the "good cause" showing required by Rule 4(m) to permit another extension. [Doc. 9-4, p. 1]; *see also* [Doc. 6 (giving Plaintiff "until May 13, 2022[,] to serve Defendants per Rule 4(m)")]. Since Plaintiff's service efforts via Certified Mail are not proper methods of service under the Federal Rules of Civil Procedure or Georgia law, she has failed to comply with the already-extended service deadline of May 13, 2022. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660 (11th Cir. 2018); [Doc. 6].

Accordingly, the Court **DISMISSES** this action **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

**SO ORDERED**, this 10th day of November, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**